UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANE W. TASSEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-112-DBH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred by failing to find that, during a closed period from May 1, 2003, through February 9, 2010, he suffered from a severe cognitive impairment, assigning a residual functional capacity ("RFC") that was without substantial evidentiary support, and improperly evaluating his past relevant work. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520 & 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2007, Finding 1, Record at

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.2(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

9; that he suffered from hypothyroidism, hypogonadism, obstructive sleep apnea, and obesity, impairments that were severe but which did not, considered separately or in combination, meet or equal the elements of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 9-10; that, during the period in question, he had the RFC to perform light work, except that he could never climb ladders, ropes, or scaffolds and could only occasionally stop, crouch, or crawl, had to avoid concentrated exposure to hazards such as rough, uneven walking surfaces, required a sit-stand option, and was limited to low-stress work with only occasional changes in the work setting, Finding 5, *id.* at 10; that he was unable to perform any past relevant work, Finding 6, *id.* at 13; that, given his age (24 at the date of alleged onset of disability, a younger individual), at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could have performed, Findings 7-10, *id.* at 13; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, from March 1, 2007, through the date of the decision, Finding 11, *id.* at 14.[2] The Decision Review Board failed to complete its review of the decision in the time allowed, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

---

[2] These dates are inconsistent with the request for a closed period of benefits from May 1, 2003, through February 9, 2010, which the administrative law judge noted at the start of his opinion. Record at 7. I reject the suggestion made by the plaintiff's attorney at oral argument that the plaintiff is entitled to an award of benefits from May 1, 2003, to March 1, 2007, because the administrative law judge's decision does not address that period. Reading the decision as a whole convinces me that the March 1, 2007, date was a scrivener's error.

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's appeal also implicates Steps 2 and 4 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

At Step 4 the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit

performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

### A. Step 2

The plaintiff contends that the administrative law judge should have found that he suffered from the severe impairment of a cognitive disorder resulting from fatigue. Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at 1. He relies on a Medical Source Statement completed by his primary care physician, Dr. Adam P. Lauer, who noted on January 22, 2009, that the plaintiff "shows signs of cognitive & mental disorder resulting from lack of REM sleep for years starting in 2003." Record at 278. The same words appear on a form dated October 7, 2010, and signed by Dr. Lauer. *Id*. at 450.

The administrative law judge said the following about Dr. Lauer's opinion:

> The undersigned has given careful consideration to the opinion of Dr. Lauer. However, the opinion is given little weight, as it is inconsistent with the medical evidence of record. Although Dr. Lauer found that the claimant could lift only ten pounds, the claimant testified that he could lift fifteen to forty pounds. Dr. Lauer did not specify the time period for which his residual functional capacity assessments were valid. Dr. Lauer concluded that the claimant had significant limitations with regard to memory and concentration. However, the claimant completed two college degrees during the time that he treated with Dr. Lauer. Although the doctor indicated that the claimant could not carry out detailed instructions, the claimant testified that he has no trouble taking an online course and that the course was simple. Moreover, the doctor's opinion appears to rest at least in part on an assessment of the claimant's mental impairments, which is outside the doctor's area of expertise.

*Id*. at 12.

The administrative law judge gave good reasons for his decision to give Dr. Lauer's opinion little weight. *See* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii). The state agency psychologist who reviewed the plaintiff's medical records, including, apparently, Dr. Lauer's

January 2009 report, Record at 373 (dated August 6, 2009), found no severe mental impairments. *Id*. This evidence supports the administrative law judge's finding of no severe mental impairment.

The plaintiff adds that the administrative law judge failed to evaluate the degree of functional limitations resulting from this unspecified cognitive disorder, and particularly the extent to which it limited his concentration, persistence, or pace. Itemized Statement at 6. He contends that remand is required because the administrative law judge failed to consider his "cognitive and mental disorder" against the Listings. *Id*.

The plaintiff has not demonstrated that this was an error, let alone that the administrative law judge was required to make such findings, and thus has not shown reversible error on this issue.

**B. Residual Functional Capacity**

The plaintiff next asserts that "[t]here is no supporting medical evidence to support the ALJ's RFC." Itemized Statement at 7. This is apparently another way of contesting the weight that the administrative law judge assigned to Dr. Lauer's opinions, as the plaintiff quotes at length from the regulation governing the evaluation of the opinions of treating medical sources. *Id*. at 7-8. He contends that Dr. Lauer's opinions are "consistent with the findings and opinions of Ganesha Santhyadka, M.D." *Id*. at 9. Specifically, he asserts that "[t]he ALJ did not provide any indication that he considered Dr. Santhyadka's opinion regarding the functional impact of the Plaintiff's excess fatigue in his evaluation of Dr. Lauer's opinion[.]" *Id*. He proffers his own testimony concerning the college courses for which he had received credit as also being consistent with Dr. Lauer's opinions and inconsistent with the administrative law judge's findings. *Id*. at 9-12. Finally, he asserts that the administrative law judge's inclusion of a sit-

stand option in the RFC was fatally flawed because it did not specify the needed frequency of sitting and standing. *Id*. at 12.

Taking the final argument first, counsel for the plaintiff agreed at oral argument that this issue was resolved contrary to the plaintiff's argument in *Eaton v. Astrue*, No. 2:10-cv-464-GZS, 2011 WL 4544040, at *3 (D. Me. Sept. 28, 2011), which was decided after the plaintiff filed his itemized statement in this case. *See also Sprague v. Astrue*, No. 2:10-cv-150-DBH, 2011 WL 1253894, at *4 (D. Me. Mar. 30, 2011). He stated that the plaintiff is not pressing this issue, and, thus, I need not consider it further.

As to the plaintiff's argument regarding Dr. Santhyadka, an administrative law judge is not required to address specifically every piece of medical evidence that accords with or is inconsistent with his or her conclusions. The plaintiff proffers no authority for his necessarily-implied position that the administrative law judge was required to state that he "considered Dr. Santhyadka's opinion regarding the functional impact of the Plaintiff's excess fatigue in his evaluation of Dr. Lauer's opinion on the Plaintiff's functional capacity." Itemized Statement at 9. Further, Dr. Santhyadka does not express any "opinion regarding the functional impact of the Plaintiff's excess fatigue" in the record evidence cited by the plaintiff. There is no mention of functional impact, other than that the plaintiff's daytime sleepiness was "reduced," in the two letters from Dr. Santhyadka to Dr. Lauer that are in the record. Record at 293-297. In a letter dated March 12, 2009, apparently written for use in this application for benefits, Dr. Santhyadka talks about the functional limitations that sleep apnea "can cause," but not about any limitations that the plaintiff actually experienced, beyond the statement that "I believe it has impacted his day-to-day life and also his education." *Id*. at 441. This is simply not enough to support the

assertion that Dr. Santhyadka's "findings and opinions" are "consistent with" those of Dr. Lauer, at least as to the specific functional limitations which Dr. Lauer assigns to the plaintiff.

The administrative law judge's discussion of Dr. Santhyadka appropriately listed his diagnosis and prescribed treatment. *Id*. at 12. Also appropriate is his discussion of the medical evidence and the plaintiff's testimony. *Id*. at 11-12.

The plaintiff's final attack on the administrative law judge's opinion on this issue stresses the minimal nature of the course work he undertook before 2008, when he received his second college degree. Itemized Statement at 9-12. He testified that it took him "three to four times the amount of time it should take me to do the work" for the first degree and that he only took two classes in order to obtain the second degree. *Id*. at 10. But, he also wrote that he achieved his first degree, a bachelor of science in business administration/marketing, with high honors and does not say that he spent more time overall than is normally spent to obtain a college degree. Record at 171, 173. He apparently began his college career in 2003, *id*. at 48, so he completed that degree in the normal period of time. He had expected to get the second bachelor's degree, in New Media/Computer Graphics at the same time as the first, but discovered that he needed a few more credits, so he took an online course and a course of independent study in order to do so. *Id*. at 46, 173.

The administrative law judge did not commit reversible error by making the following observations in this regard:

> Additionally, the claimant completed classes and earned two degrees during the period in question. He had above a 3.0 average and was on the Dean's List. He also received a Presidential Achievement Award (Exhibit 13E). Because of the inconsistency between the claimant's activities and his allegations regarding the functional limitations of his impairment, the undersigned does not find the claimant's testimony regarding the degree of limitation imposed by h[is] impairments to be

7

> fully credible and consequently gives the claimant's testimony limited weight.

*Id*. at 11. A lay person could conclude that such achievements were inconsistent with a total inability to perform remunerative work caused, at least in part, by mental limitations. Clearly the plaintiff would not have had time to work full-time, or perhaps even part-time, while he was in college, but that was as a result of his choice to enroll in college and in an honors program.

The plaintiff is not entitled to remand on this basis.[3]

## C. Step 5

The plaintiff next challenges the administrative law judge's Step 5 conclusion, asserting that the administrative law judge "failed to distinguish the demands of plaintiff's past relevant work and the demands of jobs cited by the vocational expert." Itemized Statement at 13. This statement of the issue is confusing: the demands of a claimant's past relevant work are relevant only at Step 4 of the sequential evaluation process, and the plaintiff clearly ties this argument to Step 5. *Id*. What he apparently means is that the jobs identified by the vocational expert ("VE") in response to the administrative law judge's hypothetical question as available to the plaintiff were identical in that they were all identified as "low-stress work," requiring the vocational expert to "reconcile this inconsistency in his testimony." *Id*. at 16.

Contrary to the plaintiff's assertion, the administrative law judge had no duty "to reconcile the differences between the Plaintiff's prior work and the jobs identified by the VE and the basis for his determination that the Plaintiff could not perform his past work, but could perform the other jobs identified by the VE." *Id*. In this regard, he cites *May v. Bowen*, 663 F.

---

[3] The same is true of the plaintiff's assertion that "the ALJ's reliance on the State Agency opinions constitutes error," Itemized Statement at 12, because they found "only mild functional limitations" and the administrative law judge limited the plaintiff "to only light, low-stress work with only occasional changes and a sit/stand option." *Id*. Clearly, the RFC established by the administrative law judge was, as he said, more favorable to the plaintiff than the state agency reports would support. Record at 13. A claimant may not obtain remand for an alleged error in his favor. *See, e.g., Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *6 (D. Me. July 7, 2011).

Supp. 388, 389, 390-91 (D. Me. 1987), for the unremarkable proposition that "[a] finding of an ability to return to one's past relevant work by the ALJ also requires a finding of the functional capacities of the past relevant work, the residual functional capacity of the claimant, and a reconciliation of the two." *Id*. In this case, the administrative law judge found that the plaintiff could not return to his past relevant work, so no such comparison was required. *May* is not applicable here.

In response to the administrative law judge's hypothetical question, which included the limitation that "he needed a low stress job defined as one where the changes in the work setting were occasional," the vocational expert testified that the plaintiff would not be able to perform his past relevant work as a customer service representative because that job would include a "need to handle more than just occasional changes in an order." Record at 55-56. When asked whether, given the hypothetical question, the plaintiff could perform "any other work," the vocational expert replied:

> Your hypothetical would allow a lot of other work. I'll give you an example. Order taker . . . telephone answering service operator . . . telephone solicitor . . . . All of those [jobs] that I mentioned, Your Honor, would accommodate sit/stand.

Record at 56-58.

Contrary to the plaintiff's argument, there is no inconsistency in this testimony. The General Educational Development Reasoning Level given for each job in the Dictionary of Occupational Titles is irrelevant. The distinction made by the vocational expert was between a job that was not "low stress" and jobs that were. There was no inconsistency between this testimony and the Dictionary of Occupational Titles, as the administrative law judge observed, Record at 14, and, therefore, contrary to the plaintiff's position, Itemized Statement at 16-17,

9

nothing for the administrative law judge to address. *See generally Ferrante v. Astrue*, 755 F.Supp.2d 206, 215 (D. Me . 2010).

### D. Vocational Testimony

As his final challenge, the plaintiff contends that the vocational expert's testimony "is not relevant" because the hypothetical question to which he testified "failed to include any limitations which may have resulted from a determination regarding Plaintiff's cognitive disorder" and because the administrative law judge's RFC "is not supported by substantial evidence." *Id*. at 17. I have already rejected the second assertion set forth in this argument.

To the extent that the plaintiff's first assertion is meant to differ from the first two arguments raised in his itemized statement, *see* Section A *supra*, he has not identified any limitations resulting from his unidentified cognitive disorder that should have been included in his RFC. Without that information, it is not possible to determine that any error occurred, or that any such error would be more than harmless. In addition, any claim of mental limitations that would make the three identified jobs unavailable to the plaintiff in the relevant closed period would be met by the plaintiff's college accomplishments at that time as strong countervailing evidence.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14)*

*days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*


Dated this 26th day of January, 2012.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
